UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

In re:                               ) Case No. 12-15433
                                     )
CINSEREE JOHNSON,                    ) Chapter 7
                                     )
           Debtor.                   ) Chief Judge Pat E. Morgenstern-Clarren
                                     )
                                     ) **MEMORANDUM OF OPINION**
                                     ) **AND ORDER**

This is the debtor Cinseree Johnson's fifth bankruptcy filing within the last five years. She still owes fees for two of her earlier filings, as well as this one. On August 16, 2012, the court dismissed this case because the debtor failed to pay fees in her previous cases and also failed to appear at a show cause hearing that had been set to address that issue. (Docket 30). On August 22, 2012, the debtor filed a motion to vacate which the court will treat as a motion to reconsider that decision. (Docket 36). For the reasons stated below, the debtor's motion is denied.

### DISCUSSION

#### Bankruptcy Rule 9023

The debtor's motion does not identify a procedural basis. The most likely basis is Federal Rule of Bankruptcy Procedure 9023, which provides that a party may move for rehearing or to alter or amend a judgment within 14 days after entry of the judgment. FED. R. BANKR. P. 9023. Bankruptcy Rule 9023 incorporates Federal Rule of Civil Procedure 59 which provides in relevant part that:

> (a) In General.
>
> (1) Grounds for New Trial. The court may, on motion, grant a new trial on all or some of the issues – and to any party – as follows:
>
>     \*   \*   \*
>
> > (B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.
>
> (2) Further Action After a Nonjury Trial. After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

FED. R. CIV. P. 59(a)(1)(B), (a)(2). Additionally, Rule 59(e) provides that a party may move to alter or amend a judgment. FED. R. CIV. P. 59(e).

"'A motion for a new trial in a nonjury case or petition for rehearing should be based upon manifest error of law or mistake of fact, and a judgment should not be set aside except for substantial reasons.'" *Hager v. Paul Revere Life Ins. Co.*, 489 F. Supp. 317, 321 (E.D. Tenn. 1977) (quoting 11 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 37, § 2804), *aff'd*, 615 F.2d 1360 (6th Cir. 1980). "'[A] trial court should not grant a new trial merely because the losing party can probably present a better case on another trial.'" *Ball v. Interoceanica Corp.*, 71 F.3d 73, 76 (2d Cir. 1995) (per curiam) (quoting 6A JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 59.08[2] (2d ed. 1989)). The decision to grant a request for rehearing rests within the discretion of the trial court. *Walker v. Bain*, 257 F.3d 660, 670 (6th Cir. 2001).

A motion under Rule 59(e) to alter or amend a judgment "is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Such motions "may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted). Relief under rule 59(e) is an "extraordinary remedy and should be granted sparingly because of the interests in finality and conservation of scarce judicial resources." *Hamerly v. Fifth Third Mortgage Co. (In re J&M Salupo Dev. Co.)*, 388 B.R. 795, 805 (B.A.P. 6th Cir. 2008).

The debtor moves to vacate the dismissal order because she believes her request to continue the August 16, 2012 show cause hearing should have been granted. The motion does not meet the standards for relief under Rule 59. The court denied the request to continue because the debtor failed to provide sufficient details and facts regarding her asserted unavailability to appear. (Docket 21). The court denied a subsequent motion to continue, which related to a different matter scheduled the same date, for the same reason. (Docket 27). The court evaluated the motions under its general practice, which requires anyone requesting a continuance to support that request with a detailed explanation and which also takes into consideration the case history and the debtor's history with the court. The debtor's motions simply said that she had a doctor's appointment, with no explanation for when she had made that appointment or why it could not be changed to a different time on that date or a different date altogether. The debtor has a history of multiple case filings, each of which exhibits a pattern of delay.[1] Under these circumstances, it was clearly appropriate to require the debtor to provide additional support for her request to

---

[1] *See* case no. 08-18112, case no. 08-15177, case no. 09-21476, and case no. 10-12437.

continue.  Additionally, the court dismissed the case because the debtor failed to pay filing fees, and those fees have still not been paid.[2]  As a result, the debtor's motion does not identify any manifest error of law, mistake of fact, or other material reason which would merit rehearing under Rule 59(a).  And the motion does not identify any clear error of law, newly discovered evidence, intervening change in the law, or any other reason which would merit relief from judgment under Rule 59(e).  The motion is, therefore, denied insofar as it requests relief under Rule 59.

### **Bankruptcy Rule 9024**

The debtor's motion can alternatively be viewed as a request for relief from judgment under Federal Rule of Bankruptcy Procedure 9024, which incorporates Federal Rule of Civil Procedure 60(b).  That rule states that:

> On motion and upon just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b) (made applicable by FED. R. BANKR. P. 9024).

---

[2] *See* case no. 10-12437 ($299.00 due for the case filing fee); and case no. 09-21476 ($149.00 due for case filing fee and $255.00 due for filing notice of appeal).

The debtor's motion does not identify a specific subsection of Rule 60(b) and it does not make any factual or legal argument which would support a ruling in her favor under this rule. The debtor's motion is, therefore, denied insofar as it requests relief under Rule 60(b).

## **CONCLUSION**

For the reasons stated, the debtor's motion to vacate is denied.

IT IS SO ORDERED.

/s/ Pat E. Morgenstern-Clarren
_____
Pat E. Morgenstern-Clarren
Chief Bankruptcy Judge